UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:16-CR-00107-01** |
| **VERSUS** | **JUDGE DRELL** |
| **DOUGLAS BEER (01)** | **MAGISTRATE JUDGE WHITEHURST** |

## RULING and ORDER

Now before the court is a motion to vacate sentence pursuant to 28 U.S.C. § 2255 filed by Defendant Douglas Beer ("Beer," "Petitioner"). (Doc. 58). The government opposes petitioner's requested *habeas corpus* relief and timely filed its memorandum in opposition. (Doc. 63). Petitioner filed several reply briefs in support of his motion and, thus, the court considers the motion fully briefed and ripe for decision. (Docs. 64, 65). For the reasons explained fully below, the instant motion will be DENIED.

Petitioner pled guilty to a single count of possession of child pornography involving a prepubescent minor or a minor who had not attained 12 years of age in violation of 18 U.S.C. § 2252A (a)(5)(B) and (b)(2) on February 23, 2017. (Docs. 23, 31). Petitioner was sentenced to a term of fifty-seven (57) months' imprisonment to be followed by a 10-year term of supervised release. (Doc. 43). As a convicted sex offender, Beer will also be required, upon release from imprisonment, to register under the Sex Offender Registration and Notification Act ("SORNA"), 34 U.S.C. § 20901, *et seq.* At all times during these proceedings, Beer was represented by attorney Jason Robideaux ("Robideaux").

1

Beer appealed his sentence to the Fifth Circuit Court of Appeals immediately following imposition of sentence. (Doc. 46). Robideaux timely filed Beer's Notice of Appeal to the Fifth Circuit, after which time the appeal was taken over by the Federal Public Defender for the Western District of Louisiana, Rebecca Hudsmith ("Hudsmith"). (Doc. 48).

Beer's appeal, alleging reversible error by this court at sentencing evidenced by statements that it did not have discretion to disagree with U.S.S.G. § 2G2.2 enhancements and impose a downward variance based on the individual facts of this case. (Doc. 57). In a judgment issued as mandate October 11, 2017, the Fifth Circuit rejected this argument, observing that this court did, in fact, make a downward departure in the sentence imposed upon Beer. (Id. at p. 2).

Petitioner filed the instant motion on August 20, 2018. (Doc. 58). As asserted by Beer, we note that the motion is timely pursuant to 28 U.S.C. § 2255(f)(1).

Beer's motion alleges the ineffective assistance of counsel based on counsel's alleged refusal to advance arguments requested by Defendant. These arguments include the unconstitutional nature of SORNA as a penalty, supervised release as a violation of the double jeopardy clause of the Fifth Amendment, the court's lack of jurisdiction in this case by virtue of the crime's lack of nexus to interstate commerce.

A collateral challenge to a conviction or sentence is not a substitute for a direct appeal.[1] Generally, any claim not raised on direct appeal is procedurally barred from collateral review unless the movant shows cause for his failure to raise it and actual prejudice from the error.[2] Claims of ineffective assistance of counsel at trial are an exception to this rule, however, and may be raised in a § 2255 motion.[3]

---

[1] United States v. Frady, 456 U.S. 152, 165 (1982).
[2] Massaro v. U.S., 538 U.S. 500, 504 (2003).
[3] Id. at 509.

2

Beer's motion asserts the ineffective assistance of Robideaux at trial, alleging that Robideaux refused to advance the arguments enumerated above. In order to prove a claim for ineffective assistance of counsel, Beer must show that his counsel provided him with representation falling below the objective standard of reasonableness and that he was prejudiced as a result of such substandard representation.[4] To show prejudice, Beer must demonstrate not just that Robideaux's alleged errors had "some conceivable effect[,]" but that there is a "reasonable probability" that without these errors, Beer's appeal would have been successful.[5]

Examining the arguments Beer requested Robideaux to make before the court,[6] we find that Beer fails to meet either criteria of the Strickland test. Counsel is not required to advance arguments or theories that lack legal merit.[7] Addressing Petitioner's various arguments, we find that, to the extent that Beer asked Robideaux to advance these legal theories, it was not error for counsel to refuse to present them to this court.

The United States Supreme Court and the Fifth Circuit Court of Appeals have affirmed the constitutionality of SORNA as a valid exercise of the government's authority under both the Necessary and Proper Clause and Commerce Clause.[8] The Fifth Circuit has also squarely rejected Beer's argument that the crime for which he was convicted, involving the use of peer-to-peer digital file sharing platforms to view and share pornographic images of children under the age of

---

[4] Strickland v. Washington, 466 U.S. 668 (1984); Howard v. Davis, 959 F.3d 168, 171 (5th Cir. 2020).
[5] Andrus v. Texas, 140 S.Ct. 1875 (2020); Harrington v. Richter, 562 U.S. 86 (2011).
[6] The court will assume for the sake of this motion that Beer did, in fact, ask Robideaux to make each of these four arguments at trial, though there is no evidence to show that each argument was presented to counsel. Beer does offer correspondence between himself and his appellate counsel, Hudsmith, wherein Hudsmith advises that the Fifth Circuit does not generally permit pro se filings when an appellant is represented by counsel and notes that the arguments at issue were not made at trial and, therefore, are not likely to be considered by the appellate court. (Doc. 58-2).
[7] U.S. v. Kimler, 167 F.3d 889 (5th Cir. 1999) (internal citations omitted).
[8] U.S. v. Kebodeaux, 570 U.S. 387 (2013); U.S. v. Whaley, 577 F.3d 254 (5th Cir. 2009).

twelve (12), does involve interstate commerce because it utilizes the Internet.[9] Beer's theory of supervised release as a violation of his constitutional protections against double jeopardy also lacks merit. Inclusion of a period of supervised release in a criminal sentence is expressly permitted by statute at 18 U.S.C. § 3583(a).[10]

To the extent that Beer also argues that his offense should not be characterized as a "sex offense, SORNA, at § 20901(1) defines a "sex offender" as "an individual who was convicted of a sex offense." The statute goes on to define "sex offense" as, inter alia, "a criminal offense that is a specified offense against a minor..." and is further defined to include "[v]ideo voyeurism..." and "[p]ossession, production, or distribution of child pornography..." and "[c]riminal sexual conduct involving an minor, or the use of the Internet to facilitate or attempt such conduct."[11] Finally, the definition is expansively described as "[a]ny conduct that by its nature is a sex offense against a minor."[12] Petitioner's conviction under 18 U.S.C. § 2252 for possession of child pornography involving a prepubescent minor or a minor who had not attained 12 years of age clearly fits within the variety of offenses enumerated within the definition of "sex offense" contemplated by SORNA. As such, Beer's argument that his conviction is not proper grounds for a requirement of registration as a sex offender under SORNA has no merit.

Given these findings, the court concludes that any failure by Robideaux to advance these arguments was not error and, moreover, could not have resulted in prejudice to Petitioner, as these theories have no legal merit. Accordingly, Petitioner fails to show the ineffective assistance of counsel in violation of his constitutional rights.

---

[9] U.S. v. Moore, 425 Fed. Appx. 347, 351 (5th Cir. 2011) citing United States v. Runyan, 290 F.3d 223, 242 (5th Cir. 2002).
[10] U.S. v. Benbrook, 119 F.3d 338 n.10 (5th Cir. 1997) (explaining that a period of supervised release is part of the sentence and not an additional sentence).
[11] 34 U.S.C. § 20901(5)(A)(ii) and (7)(F)-(H).
[12] 34 U.S.C. § 20901(7)(I).

For these reasons, it is hereby

ORDERED that Petitioner Douglas Beer's instant motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 58) is DENIED and DISMISSED.

THUS DONE AND SIGNED this 2ND day of October, 2020 at Alexandria, Louisiana.

                                                           DEE D. DRELL, JUDGE
                                       UNITED STATES DISTRICT COURT